# EXHIBIT   C

SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES COURT'S COPY (ORIGINAL)

PROBATION OFFICER'S REPORT

REPORT SEQUENCE NO.

| DEFENDANT'S NAME(S) | COURT | JUDGE | COURT CASE NO. |
|---|---|---|---|
| ROGELIO ALBERTO CORDOBA | 120 | RICKS | A762389 |

| | HEARING DATE | DEFENSE ATTY. (CT. APPT.) ROTHMAN | PROSECUTOR SCHUITT |
|---|---|---|---|
| ADDRESS (PRESENT / RELEASE) 3941 S. ARLINGTON LOS ANGELES, CA | 1-7-86 | | |

| | | | | DPO | AREA OFFICE | PHONE NO. |
|---|---|---|---|---|---|---|
| BIRTHDATE 10-9-64 | AGE 21 | SEX MALE | RACE BLACK | | | |

| CITIZENSHIP STATUS U.S. | DRIVER'S LICENSE / EXP. DATE NONE | D. FELDMAN | 974-9373 |
|---|---|---|---|

| PROBATION NO. X-079287 | CII NO. A07450596 | BOOKING NO. 7941451 |
|---|---|---|

TYPE REPORT
X  Probation and sentence
___ Pre-Conviction (131.8 CCP)
___ Post sentence
___ Diversion (Specify)

| DAYS IN JAIL THIS CASE [X] ESTIMATED [ ] VERIFIED 330 | CUSTODY STATUS/RELEASE DATE JAIL |
|---|---|

BY E. ROBERTS, DEPUTY

**PRESENT OFFENSE: LEGAL HISTORY**

CHARGED with the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

187 PC (MURDER WITH USE OF A FIREARM) PRINCIPAL ON FOR THE FIREARM
PURSUANT TO 12022.5, 1203.06(A)(1) AND 12022(A), COUNT 1;

245(A)(2) PC (ASSAULT WITH A FIREARM, ALONG WITH THE USE OF A FIREARM)
WITH ALLEGATION PURSUANT TO 12022(A)(1) AND 12022(A), COUNT 2

CONVICTED of the crimes of (INCLUDE PRIORS, ENHANCEMENTS OR SPECIAL CIRCUMSTANCES)

187 PC - SECOND DEGREE WITH ALLEGATION, COUNT 1;
AND
245(A)(2) PC - WITH ALLEGATION, COUNT 2

15 + 2 = 17 yrs

3 + 2

| CONVICTED BY COURT | DATE OF CONVICTION/REFERRAL 10-31-85 | COUNT(S) CONTINUED TO P & S FOR DISPOSITION NONE |
|---|---|---|

| PROPOSED PLEA AGREEMENT N/A | SOURCES OF INFORMATION |
|---|---|

| DATE(S) OF OFFENSE 2-2-85 | TIME(S) APPROXIMATELY 7:00 P.M. |
|---|---|

DEFENDANT: (SEE PRIOR RECORD SECTION)
[ ] N/A
[ ] ON PROBATION
[ ] ON PAROLE-REMAINING TIME
[ ] SENTENCED TO STATE PRISON/COUNTY JAIL ON CASE
[ ] PENDING PROBATION VIOLATION
[ ] PENDING NEW CASE

HOLDS/WARRANTS: [ ] YES [X] NO

RECOMMENDATION:

[ ] PROBATION  [X] DENIAL  [ ] DIAGNOSTIC STUDY  [ ] CYA  [ ] OTHER _____
[ ] COUNTY JAIL  [ ] 707.2 WIC
[X] STATE PRISON  [ ] 1203.03 PC

76P725B — Prob. 19SC (Rev. 11/83)   PS 5-84

**PRESENT OFFENSE:**
**(CONTINUED)**

SOURCES OF INFORMATION (this page)

| ARREST DATE | TIME | BOOKED AS | OFFENSE | LOCATION OF ARREST | ARREST AGENCY |
|---|---|---|---|---|---|
| 2-5-85 | 3:00 PM | ROGELIO ALBERTO CORDOBA | 187 PC | CRENSHAW HIGH SCHOOL | LAPD |

| CO-DEFENDANT(S) | CASE NO. | DISPOSITION |
|---|---|---|
| RODNEY TOMMY SMITH | A762398 | CONVICTED 187 PC, 2ND DEGREE, 245(A)(2) AND 245(A) PC WITH ALLEGATIONS IN ALL COUNTS. P&S 1-7-86. |

**ELEMENTS AND RELEVANT CIRCUMSTANCES OF THE OFFENSE:**

SUMMARIZED FACTS IN THIS CASE WHICH CONSISTS OF SEPARATE AND UNRELATED CRIMES ARE AS FOLLOWS:

SUMMARY OF FACTS IN COUNTS 1 AND 2 IN WHICH BOTH DEFENDANTS WERE CHARGED AND CONVICTED OF AS FOLLOWS: ON FEBRUARY 2, 19 AT ABOUT 7:00 P.M., MARVIN JAMES MC INTOSH, A 19-YEAR-OLD MALE (VICTIM IN COUNT 1) WAS STANDING IN FRONT OF 4827 SOUTH NINTH AVENUE WITH WILLIE ALLEN RUBIN, VICTIM IN COUNT 2, WHEN A 1976 OLDSMOBILE CUTLASS BELONGING TO DEFENDANT DROVE PASS. SMITH WAS DRIVING WITH DEFENDANT CORDOBA, THE ONLY OTHER OCCUPANT IN THE CAR, AND AS THEY PASSED, SEVERAL SHOTS FROM THE CAR, ONE OF WHICH STRUCK MC INTOSH IN THE HEAD, WHO DIED ON THE SCENE. AFTER THE SHOOTING, THE VEHICLE SPED AWAY.

INVESTIGATION DISCLOSED THAT THIS DRIVE-BY SHOOTING WAS GANG-RELATED. DEFENDANTS SMITH AND CORDOBA ARE ASSOCIATES OF THE CRIPS GANG AND THE DECEASED WAS ASSOCIATED WITH THE RIVAL "ROLLING 50 BLOODS."

-2- (CORDOBA)

1    FOLLOWING THE MURDER, DEFENDANT SMITH, KNOWN AS

2  "SNOWMAN" ON THE STREET, HAD TOLD ASSOCIATES THAT HE WAS DRIVING

3  WITH "LOCO DOC" (STREET NAME OF DEFENDANT CORDOBA) WHO HAD SHOT THE

4  DECEASED WITH A .22-CALIBER FIREARM.

5    SMITH WAS ARRESTED GETTING INTO THE CAR USED IN THE

6  MURDER ON FEBRUARY 3, 1985.

7    DEFENDANT CORDOBA WAS ARRESTED AT CRENSHAW HIGH SCHOOL

8  GYMNASIUM. AFTER HE WAS ARRESTED AND ADVISED OF HIS RIGHTS, HE

9  SAID THAT HE AND "SNOWMAN" HAD LEFT TOGETHER AND HAD GONE TO MC DONALD'S

10 ON FLORENCE AVENUE AND, AS THEY WERE COMING UP NINTH AVENUE "SNOWMAN"

11 (DEFENDANT SMITH) STOPPED THE CAR AND SAID "THERE THEY GO" (REFERRING

12 TO THE "50 BLOODS" WHO WERE STANDING ON THE LAWN). CORDOBA SAID THAT

13 THEY SHOT AT THEM AND DEFENDANT THEN BACKED THE CAR, REACHED INTO THE

14 REAR SEAT AREA OF HIS CAR AND GOT A GUN AND HANDED IT TO HIM AND SAID

15 "BUST ON THEM NIGGERS, DON'T BE A MARK." CORDOBA SAID THAT SMITH

16 STOPPED THE CAR AND HE (CORDOBA) REACHED OUT THE PASSENGER WINDOW

17 AND POINTED THE GUN BACK AT THE BOYS ON THE LAWN AND SHOT ONCE. HE

18 SAID THAT THE BOYS SHOT AGAIN AND HE AND "SNOWMAN" LAUGHED BECAUSE

19 THEY WERE SHOOTING WITH JUST A .22. AFTER THEY SHOT AT THEM, THEY

20 DROVE AWAY, MIXED WITH SOME FRIENDS, THEN WENT TO A PARTY IN SAN BERNARDIN

21 RETURNED THE GUN TO "SNOWMAN" WHO PUT IT BACK UNDER THE SEAT, CLAIMING

22 HE NEVER SAW IT AGAIN.

23    DEFENDANT SMITH ALONE IS CHARGED IN THE REMAINING COUNTS.

-3- (CORDOBA)

76C692G — PROB. 5A — PS 1-85

1            COUNT THREE WAS AN INCIDENT WHICH OCCURRED ON

2 JANUARY 30, 1985 AT ABOUT 3:00 P.M. VICTIM DERADAUS HARRIS, AN

3 18-YEAR-OLD MALE, WAS WITH SEVERAL COMPANIONS AT THE CORNER OF

4 46TH AND CRENSHAW WHEN DEFENDANT SMITH WHO WAS DRIVING, STOPPED,

5 GOT OUT OF THE CAR, FIRED A HANDGUN SEVERAL TIMES, HITTING THE VICTIM

6 IN THE LOWER PART OF HIS LEG.  AFTER THE SHOOTING, SMITH DROVE OFF.

7            COUNTS FOUR AND FIVE OCCURRED ON FEBRUARY 1, 1985.

8 WILLIE RUBIN (NAMED AS VICTIM IN COUNT FOUR), ANDRE WEST (NAMED

9 AS VICTIM IN COUNT FIVE) WERE STANDING WITH SEVERAL OTHER PERSONS

10 INCLUDING MAURICE MC INTOSH, BROTHER OF THE DECEASED, ON NINTH AVENUE

11 AND 48TH STREET WHEN DEFENDANT SMITH DROVE BY IN THE SAME CUTLASS

12 WITH SEVERAL GIRLS AS PASSENGERS AND FIRED ONE SHOT AND SPED OFF.

13 NO ONE WAS HIT.

14            ONE OF THE FEMALE OCCUPANTS IN THE CAR, SONJA MARIE

15 THOMPSON, CONFIRMED THE SHOOTING AND TESTIFIED THAT AS THEY DROVE BY

16 SMITH SHOT ONCE.

17

18

19

20

21

22

23

-4- (CORBODA)

76C692G — PROB. 5A — PS 1-85

| VICTIM: | SOURCES OF INFORMATION (this p |
|---|---|
| | D.A. FILE |

| NAME | COUNT(S) |
|---|---|
| MARVIN MC INTOSH (DECEASED) | 1 |

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)

INSURANCE COVERAGE

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK ☐ YES ☐ NO |
|---|---|---|---|

VICTIM STATEMENT:

VICTIM'S NEXT OF KIN NOTIFIED OF P&S HEARING.

| RESTITUTION | TOTAL NUMBER OF VICTIMS | ESTIMATED LOSS TO ALL VICTIMS | VICTIM(S) NOTIFIED OF P&S HEARING ☒ YES  ☐ NO |
|---|---|---|---|
| DOES DEFENDANT HAVE INSURANCE TO COVER RESTITUTION: ☐ YES  ☐ NO | | INSURANCE COMPANY NAME/ADDRESS/TELEPHONE NO. | |

-5- (CORDOBA)                                    _____VICTIM LIST CONTINUES NEXT PAGE

76P725B — Prob. 19SC (Rev. 11/83)

**ADDITIONAL VICTIMS:**

SOURCES OF INFORMATION (this page)

D.A. FILE

| NAME | COUNT(S) |
|------|----------|
| WILLIE ALLEN RUBIN | 2 |

INJURY: PROPERTY LOSS (TYPE / COST / ETC.)

INSURANCE COVERAGE

| LOSS: ☐ YES ☐ NO | ESTIMATED LOSS | RESTITUTION ALREADY MADE | APPLIED FOR VICTIM RESTITUTION FUND ☐ UNK ☐ YES ☐ NO |
|---|---|---|---|

VICTIM STATEMENT:

VICTIM RUBIN STATES HE WAS NOT SHOT ON EITHER OF THE DATES THAT SMITH FIRED. HE WAS WITH MC INTOSH WHO WAS KILLED AND WITH HARRIS WHO WAS SHOT AND HOSPITALIZED. HE STATES THAT HE KNOWS SMITH ABOUT TWO YEARS.

-6- (SMITH)

76P725B — Prob. 195C (Rev. 11/83)

PRIOR RECORD:

SOURCES OF INFORMATION (this page)
CII (11-19-85) AND DEFENDANT

AKA'S:

NONE.

## JUVENILE HISTORY:

2-16-83        LAPD - 211 PC (ROBBERY) - 2-17-83, RELEASED COMPLAINANT
               REFUSED PROSECUTION.

(ACCORDING TO DEFENDANT, BROUGHT BACK A BIKE THAT SOMEONE HAD
STOLEN FROM HIS COUSIN.)

## ADULT HISTORY:

2-29-84        LAPD - 623.8(A) PC (SEX OFFENDER/ETC., SCHOOL) - NO
               DISPOSITION.

(DEFENDANT SAID THAT HE WAS ACCUSED OF TRESPASSING A JUNIOR
HIGH SCHOOL AND WAS CHARGES WERE DISMISSED.)

CP725B — Prob. 19SC (Rev. 11/83)

**PERSONAL HISTORY:**

SOURCES OF INFORMATION (this page)
**DEFENDANT**

**SUBSTANCE ABUSE:**

__X___ No record, indication, or admission of alcohol or controlled substance abuse.

_____ Occasional social or experimental use of _____acknowledged.

_____ See below:  Indication / admission of significant substance abuse problem.

Referred to Narcotic Evaluator  ☐ Yes  ☒ No                _____ Narcotic Evaluator's report attached

Additional information

DEFENDANT DENIES THE USE OF ALL NARCOTICS, DRUGS, AS WELL AS INTOXICANTS.

**PHYSICAL / MENTAL / EMOTIONAL HEALTH:**

__X___ No indication or claim of significant physical/mental/emotional health problem.

_____ See below:  Indication / claim of significant physical/mental/emotional health problem.

Additional information

DEFENDANT APPEARS TO BE OF LOW-AVERAGE MENTALITY.

-8-  (CORDOBA)

PERSONAL HISTORY:
  (CONTINUED)

SOURCES OF INFORMATION (this page)

DEFENDANT

| RESIDENCE (UNVERIFIED) | TYPE RESIDENCE HOUSE | LENGTH OF OCCUPANCY APPROX. 8 YEARS | MORTGAGE/RENT | RESIDES WITH/RELATIONSHIP MOTHER |
|---|---|---|---|---|
| RESIDENTIAL STABILITY LAST FIVE YEARS REPORTEDLY STABLE | | CAME TO STATE / FROM 1969/ST. THOMAS, VIRGIN ISLANDS | | CAME TO COUNTY / FROM SAME |

Additional information

DEFENDANT STATES THAT BOTH PARENTS WERE BORN IN THE VIRGIN ISLANDS, BUT HE CLAIMS HE BECAME A CITIZEN IN 1977 AND LIVED WITH HIS MOTHER PRIOR TO HIS ARREST IN A HOME RENTED BY HER.

| MARRIAGE / PARENTHOOD | MARITAL STATUS SINGLE | NAME OF SPOUSE / PRESENT COHABITANT |
|---|---|---|
| LENGTH OF UNION | NO. OF CHILDREN THIS UNION | SUPPORTED BY |
| NO. PRIOR MARRIAGES / COHABITATIONS | NO. OF CHILDREN THESE UNIONS | SUPPORTED BY |
| NO. OF OTHER CHILDREN | SUPPORTED BY | |

Additional information

DEFENDANT ACKNOWLEDGES PATERNITY OF NO CHILDREN.

FORMAL EDUCATION: DEFENDANT STATES THAT HE WAS SUSPENDED ONCE FOR FIGHTING BUT GRADUATED FROM CRENSHAW HIGH SCHOOL IN 1983. HE HAS HAD NO VOCATIONAL TRAINING.

-9- (CORDOBA)

76P725B — Prob. 19SC (Rev. 11/83)

| PERSONAL HISTORY: (CONTINUED) | SOURCES OF INFORMATION (this p. DEFENDANT |
|---|---|

| EMPLOYMENT STATUS | ☐ EMPLOYED  ☒ UNEMPLOYED | REFERRED TO WORK FURLOUGH  ☐ YES ☒ NO | EMPLOYER AWARE OF PRESENT OFFENSE  ☐ YES  ☐ NO |
|---|---|---|---|

| PRESENT/LAST EMPLOYER / ADDRESS / PHONE | OCCUPATION | PERIOD OF EMPLOYMENT | GROSS MONTHLY WAGE |
|---|---|---|---|
| BURGER KING  KING BOULEVARD AND WESTERN  ☐ VERIFIED   ☐ UNVERIFIED | COOK AND CASHIER  EMPLOYMENT STABILITY LAST 5 YEARS | APPROX. 1½ YEARS TO ARREST  TYPES OF PREVIOUS EMPLOYMENT | |

Additional information

DEFENDANT STATES THAT HE PREVIOUSLY HAS HAD A CETA

JOB WORKING AS A JUNIOR LIFEGUARD AT A BOYS' CLUB.

| FINANCIAL STATUS | INCOME STABILITY  POOR | NET MONTHLY INCOME |  |
|---|---|---|---|
| PRIMARY INCOME SOURCE | SECONDARY INCOME SOURCE(S) | EST. TOTAL ASSETS  NONE REPORTED | EST. TOTAL LIABILITIES  NONE REPORTED |

MAJOR ASSETS / ESTIMATED VALUE

NONE REPORTED

MAJOR LIABILITIES / ESTIMATED AMOUNT (MONTHLY)

NONE REPORTED

Additional information

GANG ACTIVITY *   ☐ YES   ☐ NO          Name of Gang _____
-10- (CORDOBA)

76P725B — Prob. 19SC (Rev. 11/83)

GANG ACTIVITY:

        ALTHOUGH DEFENDANT DENIES ANY GANG MEMBERSHIP, HE STATES HE LIVED IN THE AREA OF THE "ROLLING 40'S CRIPS."

OTHER RELEVANT DEFENDANT INFORMATION:

        CHILDHOOD/UPBRINGING:

        THE DEFENDANT, WHO IS ONE OF THREE BOYS, WAS BORN IN ST. THOMAS, VIRGIN ISLANDS, AND WAS BROUGHT TO THE UNITED STATES WHEN HE WAS NINE YEARS OLD BY HIS PARENTS. HIS FAMILY ESTABLISHED RESIDENCE IN CALIFORNIA. HIS PARENTS SEPARATED IN 1984. HIS FATHER LIVES AT AN UNKNOWN ADDRESS IN COMPTON AND IS A BARTENDER AND HIS MOTHER WORKS IN A FACTORY "MAKING TIES." HE STATES THAT NO MEMBERS OF HIS FAMILY HAVE AN ARREST RECORD.

DEFENDANT'S STATEMENT:

        DEFENDANT HAS NOT SUBMITTED A WRITTEN STATEMENT.

        HE VERBALLY STATES THAT HE KNOWS DEFENDANT SMITH IS A GANG MEMBER OF THE "ROLLING 40'S CRIPS" FOR THREE YEARS. HE ALSO KNEW THE DECEASED FROM SCHOOL AND STATED THAT HE IS A MEMBER OF THE "V&G BLOODS" GANG. ON THE DATE OF THE SHOOTING, HE WAS RIDING WITH SMITH WHO WAS DRIVING. THEY WERE ON THEIR WAY TO A PARTY. DEFENDANT SAID THAT, WHILE THEY WERE DRIVING, SMITH HANDED HIM A .38-CALIBER REVOLVER AND ALLEGED THAT WHEN THEY PASSED THE VICTIM, SOMEONE FIRED AT THEM. THE DEFENDANT THEN FIRED ONCE AND, AFTER THE SHOOTING, THEY WENT TO A PARTY AND LEFT THE GUN IN THE CAR. HE CLAIMS THAT HE NEVER

-11- (CORDOBA)

1  MEANT TO SHOOT AT ANYONE AND WAS ONLY TRYING TO "SCARE HIM."  HIS
2  MOTHER IS THE ONLY ONE WHO VISITS HIM.
3  INTERESTED PARTIES:
4              INVESTIGATING OFFICER JOHNSON, 77TH HOMICIDE, STATES
5  THAT SMITH NEVER MADE ANY STATEMENT REGARDING ANY OF THE SHOOTINGS
6  FOLLOWING HIS ARREST.  CORDOBA MADE A CONFESSION AS TO THE MURDER OF
7  MC INTOSH WHO WAS AFFILIATED WITH THE "BLOODS."  INVESTIGATING OFFICER
8  STATES THAT BOTH DEFENDANTS ASSOCIATED WITH THE CRIPS GANG.  HE REGARDS
9  SMITH AS THE LEADER.  THE GUN WAS NEVER RECOVERED.  HE RECOMMENDS
10 THAT BOTH DEFENDANTS BE SENTENCED TO STATE PRISON FOR THE MAXIMUM
11 TIME ALLOWABLE BY LAW.
12             PROBATION OFFICER HAS NOT BEEN ABLE TO REACH THE
13 DEFENDANT'S MOTHER AND HE FURNISHED NO OTHER REFERENCES.
14 EVALUATION:
15             ALTHOUGH THIS DEFENDANT HAS HAD NO PATTERN OF
16 ONGOING CRIMINALITY, THERE SEEM LITTLE DOUBT THAT HE HAS LONG
17 ASSOCIATED WITH CRIMINAL SUBCULTURES THROUGH HIS GANG ASSOCIATIONS
18 AND PROBABLY HAS BEEN ON THE PERIPHERY OF QUESTIONABLE ACTIVITIES
19 FOR SOME TIME.
20             HE APPEARS TO BE SOMEWHAT DULL, MORE OF A FOLLOWER THAN
21 A LEADER, WITH LIMITED JUDGMENT, WHO PRESUMBLY DERIVES EGO SATISFACTORY
22 BY FOLLOWING THE DIRECTIVES OF HIS MORE DOMINANT ASSOCIATES AS HE
23 APPARENTLY DID IN THIS MURDER.

   -12- (CORDOBA)

76C692G — PROB. 5A —  PS 1-85

WHETHER OR NOT THE DEFENDANT IS COGNIZANT OF THE
SERIOUS ACT IS UNKNOWN.  HE IS AN OBVIOUS THREAT TO THE COMMUNITY
FOR WHICH HE SHOULD BE CONFINED TO STATE PRISON FOR AS LONG AS POSSIBLE.

SENTENCING CONSIDERATIONS:

CIRCUMSTANCES IN AGGRAVATION:

1.  THIS CRIME RESULTED IN A DEATH OF A HUMAN BEING,
    DISCLOSING A HIGH DEGREE OF CRUELTY, VICIOUSNESS,
    AND CALLOUSNESS.

2.  DEFENDANT WAS ARMED AND USED A WEAPON AT THE TIME
    OF THE COMMISSION OF THE CRIME.

3.  THE PLANNING WITH WHICH THE CRIME WAS CARRIED
    OUT INDICATES PREMEDITATION.

CIRCUMSTANCES IN MITIGATION:

1.  THE DEFENDANT HAS NO KNOWN PREVIOUS FELONY
    CONVICTIONS.

-13- (CORDOBA)

76C692G — PROB. 5A —  PS 1-85

RECOMMENDATION:

IT IS RECOMMENDED THAT PROBATION BE DENIED AND
DEFENDANT SENTENCED TO STATE PRISON WITH PRE-IMPRISONMENT CREDIT
TO BE DETERMINED BY THE COURT; THAT THE COURT ORDER THE DEFENDANT
TO PAY A RESTITUTION FINE OF $100 AS PROVIDED IN SUBDIVISION (A) OF
SECTION 13967 OF THE GOVERNMENT CODE.

RESPECTFULLY SUBMITTED,

BARRY J. NIDORF
PROBATION OFFICER

BY *Doris Feldman*

DORIS FELDMAN, DEPUTY
CENTRAL ADULT INVESTIGATIONS
974-9373

READ AND APPROVED:

KENNETH HILL, SDPO

(SUBMITTED: 12-18-85)
(TYPED:   12-17-85)
DF:LO (6)

I HAVE READ AND CONSIDERED
THE FOREGOING REPORT OF THE
PROBATION OFFICER.

JUDGE OF THE SUPERIOR COURT

-14- (CORDOBA)

78C692G — PROB. 5A —  PS 1-85