Rogelio Cordoba D22031

P.O. Box 689   ZW-240L

Soledad, CA 93960-0689

IN PROPIA PERSONA



FILED

2008 MAY 20 AM 3:25

RICHARD W. WICKING
CLERK. U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROGELIO CORDOBA, | ) | C 07-04579 CW |
| | ) | |
| Petitioner, | ) | **REPLY TO RESPONDENT'S ANSWER;** |
| | ) | **MEMORANDUM OF POINTS AND** |
| v. | ) | **AUTHORITIES** |
| | ) | |
| BEN CURRY, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**PETITIONER, ROGELIO CORDOBA, HEREBY REPLIES TO THE**

**RESPONDENT'S ANSWER AND ADMITS, DENIES, AND ALLEGES AS FOLLOWS:**

1. Petitioner alleges that he is being unlawfully detained by CDCR as he has served his time for the crime committed and has now become a political prisoner.

2. Petitioner disputes the facts as described by Respondent.

3. Petitioner affirms his version of the events as declared at the hearing.

4. Petitioner alleges that the District Attorney's opposition to parole is not evidence of current dangerousness sufficient to satisfy the ``some evidence'' standard.

5. Petitioner alleges that his prior arrest record is not evidence of current dangerousness and since no convictions resulted from such arrests, the Board illegally considered them.

6. Petitioner alleges that use of the commitment offense to deny parole violated his due process rights.

7. Petitioner alleges that he has exhausted all his state court remedies.

8. Petitioner alleges that the state court's adjudication of his claims involved both, an unreasonable application and was contrary to clearly established Supreme Court law as interpreted by the 9th Circuit.

9. Petitioner alleges that he does have a federally protected liberty interest in parole.

10. Petitioner alleges that due process in the parole context involves more than that under **Greenholtz**.

11. Petitioner alleges that his parole denial is not supported by any evidence demonstrating current dangerousness.

12. Petitioner alleges that the Board relied solely on the commitment offense to deny parole. Relying on immutable factors deny due process.

13. Petitioner alleges that he has served more time than that suggested by the Board's own Matrix relative to his offense.

14. Petitioner alleges that the Board disregarded the 2006 Psych report because it was supportive of parole.

15. Petitioner alleges that his claims are timely.

16. Petitioner alleges that an evidentiary hearing is required and mandated under the AEDPA.

17. Petitioner alleges that he has established a colorable claim for relief.

18. Except as expressly admitted above, Petitioner denies, generally and specifically, each allegation made by Respondent in his Answer, and affirms that his constitutional rights were violated.

Accordingly, Petitioner respectfully requests that the writ be issued.

DATED: **5-14-08**                    Respectfully submitted,


*Rogelio Crabote*

Pro Se Petitioner

MEMORANDUM OF POINTS AND AUTHORITIES

ARGUMENT

I

THE BPH VIOLATED PETITIONER'S CONSTITUTIONAL RIGHTS
TO DUE PROCESS WHEN IT DENIED PAROLE ABSENT EVIDENCE
HAVING AN INDICIA OF RELIABILITY THAT IF PAROLED HE
WOULD POSE AN UNREASONABLE RISK OF DANGER TO SOCIETY.
THE REVIEWING STATE COURTS DID NOT SATISFY THE
REQUIREMENTS OF THE AEDPA.

When, as here, the state court's holding does not provide a
reasoned explanation, the reviewing court must independently
review the record to determine whether the state court decision
was a reasonable application of clearly established federal law.
**Himes v. Thompson** (9th Cir. 2003) 336 F.3d 848.

Petitioner agrees with Respondent that the "some evidence"
standard of review, designed to apply to prison disciplinary
hearings, is an inappropriate standard to apply to his claims.
Accordingly, Petitioner encourages the Court to revisit the
issue. The standard evolved from **Superintendent v. Hill**, 472
U.S. 445 (1985); See **In re Powell**, 45 Cal.3d 894 (1988). In *Hill*
the Supreme Court applied the some evidence test to review a
hearing at which disciplinary charges were based on a
confidential source, causing the prisoner's due process right to
be diminished by a prison's need for security and
confidentiality. Petitioner's due process right is not reduced
because neither the parole determination process used by BPH nor
adjudication of his habeas claims requires disclosure of a
confidential source or involves any security concern.

Importantly, the state courts that adopted *Hill's* some
evidence standard to review parole decisions held that prisoners
did NOT have a due process liberty interest in parole. **In re**

**Powell**, supra, 45 Cal.3d at 911. Because the contrary is now established (**McQuillion**, 306 F.3d at 902; **Rosenkrantz**, 29 Cal.4th at 621; see **Sass**, 461 F.3d at 1128), due process certainly demands a finding of something more than "some" (any) evidence in the record to secure a vested liberty interest protected by the Due Process clause.

In **Carrillo v. Fabian**, 701 N.W.2d 763 (2005), the Minnesota Supreme Court recently and explicitly held that the some evidence standard of review of a prison disciplinary action established in *Hill* is inapplicable to the review of a correctional agency's decision affecting an inmate's parole date in a state whose statutes provide a protected liberty interest in parole. The Court held, based on the tripartite test prescribed by the Supreme Court, that the "substantial evidence" standard of review is requisite to provide adequate due process protection.

In **Santosky v. Kramer** (1982) 455 U.S. 745, 767-769, the High Court explained that they had mandated an intermediate standard of proof - "clear and convincing evidence" - when the individual interests at stake in a state proceeding are both "particularly important" and "more substantial than mere loss of money." This level of certainty is necessary to preserve fundamental fairness in a variety of government-initiated proceedings that threaten the individual involved with "a significant deprivation of liberty" or "stigma." The extent to which procedural due process must be afforded the recipient is influenced by the extent to which he may be "condemned to suffer grievous loss."

It cannot be argued that Petitioner's interest at stake are not "particularly important" or do not involve "a significant deprivation of liberty" or "a grievous loss." See **Davis v. Board of Parole**, 200 Or.App. 366 (2005) ["clear and convincing

evidence" required in parole cases]; **Trantino v. New Jersey**, 764 A.2d 940 (2001) ["substantial evidence" required]. It is noteworthy that California's statutory law requires courts, when reviewing decisions of state agencies for evidentiary support, to apply the "substantial evidence" test. Cal.Civ. Code section 1094.5(c).

Accordingly, Petitioner respectfully requests that this Court revisit the issue of the appropriate standard of review (as Respondent also requests), and apply the "clear and convincing evidence" or "substantial evidence" standard to adjudicate his constitutional claims.

## A. THE AEDPA STANDARD OF REVIEW

Petitioner agrees that Respondent's standard of review contains an accurate summary of the governing law regarding law regarding the deference due under the AEDPA to state court adjudication on the merits. On the other hand, Respondent omits entirely from its discussion what may be the most important standard of review to be considered at this juncture in the litigation – the standard this court must apply in deciding whether or not to grant Petitioner an evidentiary hearing on one or more of the habeas corpus claims.

A petitioner on federal habeas corpus is entitled to an evidentiary hearing where the petitioner establishes a "colorable" claim for relief, and where the petitioner has never been accorded a state or federal hearing on his claim. **Earp v. Oronski**, 431 F.3d 1158, 1167 (9th Cir. 2005), citing **Townsend v. Sain**, 372 U.S. 293 (1963) and **Keeney v. Tamayo-Reyes**, 504 U.S. 1, 5 (1992). In stating a "colorable" claim, a petitioner is merely required to allege specific facts which, if true, would entitle him to relief. *Ibid.* Granted, under the AEDPA, a federal court is not required to order a hearing where the petitioner failed to develop the facts in state court. In such cases, the

federal court accords a presumption of correctness to the facts found by the state court, and need not hold any evidentiary hearing unless those facts are rebutted by clear and convincing evidence. On the other hand, no AEDPA deference is due where the state has made an "unreasonable" determination of the facts; and: "Where a state court makes evidentiary findings without holding a hearing and giving petitioner an opportunity to present evidence, such findings clearly resulting in an 'unreasonable determination' of the facts. **Taylor v. Maddox,** 366 F.3d 992, 1001 (9th Cir. 2004).

In sum, an evidentiary hearing is required under the AEDPA – and an appellate court will remand for a hearing if the district court rules without granting one – "where the petitioner establishes a colorable claim for relief and has never been accorded a state or federal hearing on his claim." *Earp,* supra, at 1167.

Here, Petitioner requested an evidentiary hearing at every level of the state habeas proceedings, and each of the courts to which he applied ruled without granting him an evidentiary hearing. As a result, (1) Petitioner is entitled to an evidentiary hearing in this court before the court can make any credibility determinations on the facts alleged in the petition and supporting exhibits; and (2) Any controverted "facts" found by the sate court while denying a request for an evidentiary hearing necessarily result from an "unreasonable determination" of the facts, and hence are not entitled to any presumption of correctness. *Earp,* supra, at 1167; *Taylor,* supra, at 1101 ["Where the state court's legal error infects the fact finding process, the resulting factual determination will be unreasonable and no presumption of correctness can attach to it."].

B. SUPREME COURT AUTHORITY SUPPORTS PETITIONER'S CLAIMS. DUE PROCESS ENTITLED HIM TO MORE THAN AN OPPORTUNITY TO BE HEARD AND A WRITTEN STATEMENT OF REASONS FOR THE DECISION.

In *Greenholtz v. Inmate of Nebraska*, 442, U.S. 1 (1979), and **Board of Pardons v. Allen**, 482 U.S. 369 (1987), the Supreme Court held that a state prisoner may be constitutionally entitled to more than the above.

Based on *Greenholtz*, the 9th Circuit Court of Appeals, like the California Supreme Court in *Rosenkrantz*, determined that the mandate and predicates set forth in Cal. Penal Code section 3041, that parole "shall" be granted "unless" the prospective parolee currently poses an undue public safety risk, creates a federally protected liberty interest in parole. *McQuillion*, supra, 306 F.3d at 901-903.

The 9th Circuit also held, based on *Hill*, supra, in accord with the California Supreme Court's holding in *Rosenkrantz*, that federal due process requires the Board's decisions to be supported by at least "some evidence" having "some indicia of reliability." *McQuillion*, supra, 306 F.3d at 904.

The Board's findings in this case were inconsistent with the Supreme Court's explicit holdings in *Greenholtz* and *Hill*. The panel's decision at issue flunked the *Hill's* some evidence standard because, pursuant to Petitioner's liberty interest in parole provided by Cal. Penal Code section 3041, implemented by 15 CCR sections 2401, 2402(a), no evidence whatsoever – set forth by the panel – supports the decision that Petitioner currently poses an unreasonable risk of danger to public safety, the state's parole suitability standard below which parole "shall" be granted, and because the State's forensic experts chosen for the task, based on the commitment offense and all evidence in the record, determined that Petitioner does not

currently pose a risk to society if released, and no contrary evidence exists.

The Board found no evidence in the record or stated any that showed Petitioner to currently pose an unreasonable risk of danger to public safety if paroled.

According to the Board and Respondent, its panels may simply recite the codified offense factors year after year until the subject dies in prison – no harm, no foul. Because Cal. Penal Code section 3041 requires that the panel "shall" grant parole "unless" it sets forth evidence showing that his parole currently poses an undue risk, without articulating any nexus suggesting how the immutable offense facts it recited bear upon the state's suitability determinant – Petitioner's current parole risk – recitation of such facts is unavailing and flunks the some evidence test.

A nexus may be established, e.g., if an offense was caused by or related to alcohol or drugs and the prospective parolee has not been certified to have overcome the problems or to have received sufficient treatment, or if the offense was gang-related and the subject still has gang affiliations, or if the offense involved substantial violence and the subject has exhibited violence during imprisonment, such that a reasonable public safety concern remains. Petitioner's panel merely recited the codified offense verbiage to presume that he therefore requires continued imprisonment, without suggesting any reason why or how the immutable factors bear upon his current parole risk to public safety

Stated differently, in order to apply the some evidence a federal reviewing court must first ask the pivotal question, "Some evidence of WHAT"? The question can be answered only by the State's parole determination statute: The offense facts must demonstrate that the "timing" or "gravity" of the commitment

offense renders the inmate's parole a current public safety risk. Cal. Penal Code section 3041.

What did the Board, the state court, or Respondent say about the "timing" of Petitioner's offense that makes him a current parole risk to public safety? **Nothing.**

What did they say about how the recited offense adjectives still make Petitioner a current public safety risk? **Nothing.** They merely recited immutable offense factors without explaining how those factors still serve to make Petitioner a public safety risk if paroled. The omission is flagrant because the state's forensic experts have determined Petitioner's further risk to public safety to be negligible, long after he completed the maximum prison term prescribed by the Board's MATRIX for the most aggravated version of his offense.

A plethora of very recently issued California state and district court decisions uniformly holds that evidence of even particularly egregious facts of commitment offenses is not tantamount to evidence of undue current parole risk absent articulation of a nexus between those entities. **Willis v. Kane,** 485 F.Supp.2d 1126 (N.D. Cal. 2007); **Martin v. Marshall,** 431 F.Supp.2d 1038 (N.D. Cal. 2006); **Blankenship v. Kane,** 2007 WL 1113798 at 10 (N.D. Cal. 2007); **Thomas v. Brown,** 2006 WL 3783555 at 6 (N.D. Cal. 2006); **Rosenkrantz v. Marshall,** 444 F.Supp.2d 1063 (C.D. Cal. 2006); **In re Scott,** 133 Cal.App.4th at 595; **In re Elkins,** 144 Cal.App.4th at 496; **In re Lee,** 143 Cal.App.4th at 1413; **In re Lawrence,** 150 Cal.App.4th 1511; **In re Gray,** 151 Cal.App.4th 379; **In re Baker,** 151 Cal.App.4th 346.

Absent any nexus found by the panel, by the state court, or by the Board in its briefs, between the codified offense factors dutifully recited to deny parole, the facts are unavailing as to the state's parole determinant, the current parole risk posed by

Petitioner, which all evidence addressing that factor demonstrates to be negligible.

Accordingly, finding that he still poses an undue public safety risk based on the offense, and continuing to preclude his parole on that basis denied due process.


DATED: _5-14-08_              Respectfully submitted,



_Rogelio Cordoba_
PRO SE PETITIONER



cc: Office of the Attorney General